Jeffrey J. Chapman
McGuireWoods LLP
1345 Avenue of the Americas
7th Floor
New York, NY 10105-0106
Telephone:  212 548 7060
*Attorneys for Defendant*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

CONSUMER FINANCIAL PROTECTION : 
BUREAU, :
                               : Case No: 1:14-cv-09931 (WHP)
                 Plaintiff, :
                               : **ANSWER**
   -v- :
                                 :
SPRINT CORPORATION, :
                                 :
                       Defendant. :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Defendant Sprint Corporation ("Sprint"),[1] by and through its undersigned counsel, hereby responds to the Complaint filed by Plaintiff Consumer Financial Protection Bureau ("Plaintiff" or "Bureau") and denies all allegations of the Complaint that are not expressly admitted herein as follows:[2]

## INTRODUCTION

1.       The allegations in Paragraph 1 of the Complaint attempt to summarize the nature of Plaintiff's action and make legal conclusions.  Therefore, no response is required from Sprint. Notwithstanding, Sprint specifically denies any allegation that it charged its wireless customers for unauthorized third-party charges.  Sprint further denies any remaining allegations of Paragraph 1.

---

[1] As indicated in Defendant's First Affirmative Defense, the Court lacks personal jurisdiction over Sprint Corporation, which is not the proper defendant in this case.  Sprint Corporation is mainly a holding company registered in Delaware and Kansas.  Sprint Corporation does not provide wireless customer services, including network operations, billing and customer care services and practices.  Any admission of conduct contained in this Answer relates to a subsidiary of Sprint Corporation, not Defendant Sprint Corporation.

[2] For ease of reference, Sprint incorporates the outline headings used in Plaintiff's Complaint.  To the extent that such headings make factual allegations, Sprint expressly denies such factual allegations.

Additionally, the Complaint alleges conduct from 2004 through December 2013.  Sprint notes that

Congress did not empower the Bureau to enforce the Consumer Financial Protect Act until the

Bureau's effective date of July 21, 2011.  Accordingly, the Bureau has no authority to enforce

retroactively the Consumer Financial Protect Act prior to that date.

2.      The allegations in Paragraph 2 of the Complaint attempt to summarize the nature of

Plaintiff's action and make legal conclusions.  Therefore, no response is required from Sprint.

Notwithstanding, Sprint denies the allegations in Paragraph 2.  Contrary to the allegation that

Sprint "gave third parties virtually unfettered access to its customers' accounts," Sprint contends

that it adopted industry-leading controls designed to protect consumer wireless accounts.  In fact,

Sprint's practices largely aligned with the FTC's best practice recommendations, even before the

FTC issued such recommendations in March 2013.  Sprint further denies any remaining

allegations in Paragraph 2.

3.      Sprint denies the allegations in Paragraph 3.  The allegation mischaracterizes basic,

industry-standard functionality of wireless telephones that permits consumers to access third-party

content via their handheld devices.  Further, regarding the allegation that consumers were

"unaware of unauthorized charges," Sprint contends that it designed its monthly bill, even before

the Bureau's effective date, to provide clear and conspicuous details of all customer charges,

including third-party charges, in a summary of charges section before the detailed telephone call

section.  Accordingly, even a cursory review of a monthly telephone bill would reveal whether

third-party charges had been applied to a bill.  Sprint further denies any remaining allegations of

Paragraph 3.

4.      Sprint denies the allegations in Paragraph 4.  Sprint specifically denies that any part

of its billing system was "flawed."  Sprint contends that it vigilantly protected and continues to

protect its consumers by monitoring its billing system and responding to customer concerns through its Customer Care personnel.  Sprint further denies any remaining allegations of Paragraph 4.

5.      Sprint denies the allegations in Paragraph 5.  Sprint specifically denies that it operated a "system" that "shifted the risk" to its customers.  Sprint contends that it entered into a revenue sharing agreement whereby Sprint retained a percentage of charges, which varied by circumstances and agreement, that were placed by third parties on Sprint customer bills.  Sprint further contends that it retained such fees in return for services provided by Sprint, including but not limited to delivery of content to consumer handheld devices, access to the Sprint wireless network, and provision of technical support and customer service.  Sprint further denies any remaining allegations in Paragraph 5.

**JURISDICTION AND VENUE**

6.      Sprint admits that Plaintiff purports to base subject matter jurisdiction on 28 U.S.C. §§ 1331 and 1345.  Sprint specifically denies any alleged violations of Federal consumer financial laws, including 12 U.S.C. § 5561 *et seq.*, and denies the remaining allegations of Paragraph 6. Sprint contends that the Bureau lacks standing to bring this action under the Consumer Financial Protection Act because Congress gave it neither the authority to regulate wireless telephone carriers nor the conduct in question in this case.  Specifically, Sprint denies that it is a "covered person" within the meaning of the Consumer Financial Protection Act and therefore Sprint denies that subject matter jurisdiction exists over this cause of action.

7.      For purposes of this action only, Sprint does not contest that venue is proper in this district.

**PARTIES**

8.     The allegations in Paragraph 8 of the Complaint attempt to summarize the nature of the Bureau's purpose and make legal conclusions.  Therefore, no response is required from Sprint. Notwithstanding, Sprint specifically denies that it is a "covered person" or that it engaged in any unfair, deceptive, or abusive acts or practices under the Consumer Financial Protection Act.

9.     The allegations in Paragraph 9 of the Complaint attempt to summarize the nature of Plaintiff's action and make legal conclusions.  Therefore, no response is required from Sprint. Notwithstanding, Sprint specifically denies that it is a "covered person" under 12 U.S.C. § 5481.

**FACTUAL BACKGROUND**

10.     Insofar as the allegations in Paragraph 10 relate to Sprint, Sprint denies them. Sprint is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 10 and, therefore, denies them.  Notwithstanding, Sprint contends that it was an industry leader in implementing compliance measures to ensure that charges on customer bills were authorized and accurate.

11.     Sprint is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11 and, therefore, denies them.

12.     Sprint is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12 and, therefore, denies them.

13.     The allegations in Paragraph 13 of the Complaint attempt to summarize the nature of Plaintiff's action and make legal conclusions.  Therefore, no response is required from Sprint. Notwithstanding, Sprint specifically denies that it outsourced its compliance and billing functions without adequate oversight.  Sprint further denies any remaining allegations of Paragraph 13.

14.     Insofar as the allegations in Paragraph 14 relate to Sprint, Sprint admits that it offered its wireless subscribers the ability to purchase goods and services through the premium short messaging service ("PSMS") protocol.  Sprint admits that these charges may have been one-time charges or recurring monthly subscriptions that varied in price.  Sprint is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 14 and, therefore, denies them.

15.     Insofar as the allegations in Paragraph 15 relate to Sprint, Sprint denies the allegations.  Sprint contends that its requirements, and industry guidelines, required merchants of PSMS products to disclose prices and other terms and conditions to customers.  Sprint is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 15 and, therefore, denies them.  Sprint further denies any remaining allegations of Paragraph 15.

16.     The allegations in Paragraph 16 of the Complaint related to third parties. Therefore, no response is required from Sprint.  Insofar as the allegations in Paragraph 16 relate to Sprint, Sprint denies that it engaged in or condoned the alleged conduct.  Sprint is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 16 and, therefore, denies them.

17.     Insofar as the allegations in Paragraph 17 relate to Sprint, Sprint denies them. Sprint is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 17 and, therefore, denies them.

18.     Sprint admits that in its interactions with tens of millions of wireless subscribers, it has received customer complaints on a variety of topics.  However, Sprint specifically denies that

it failed to respond to complaints or provide full refunds to customers.  Sprint denies the remaining allegations in Paragraph 18.

19.     The allegations in Paragraph 19 of the Complaint attempt to summarize the nature of Plaintiff's action and make legal conclusions.  Therefore, no response it required from Sprint.  Notwithstanding, Sprint specifically denies each of the allegations of Paragraph 19.

20.     The allegations in Paragraph 20 of the Complaint attempt to summarize the nature of Plaintiff's action and make legal conclusions.  Therefore, no response is required from Sprint.  Notwithstanding, insofar as the allegations in Paragraph 20 relate to Sprint, Sprint denies the allegations in Paragraph 20.  Sprint specifically denies the characterization that it "automatically enrolled customers in third-party billing without their consent."  Sprint contends that its customer invoices provided clear and conspicuous notice to consumers of all charges, including third party charges, presented to consumers.  Accordingly, Sprint specifically denies any suggestion that customers could not "spot unauthorized charges."  Sprint is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 20 and, therefore, denies them.

21.     The allegations in Paragraph 21 of the Complaint attempt to summarize the nature of Plaintiff's action and make legal conclusions.  Therefore, no response is required from Sprint.  Notwithstanding, Sprint admits it performed due diligence before onboarding merchants and while merchants were marketing third-party products to Sprint customers.  Sprint further contends that it was the first major wireless carrier to partner with an outside compliance vendor to proactively monitor third party compliance with Sprint's and the wireless industry's strict standards.  Sprint denies the remaining allegations of Paragraph 21.

22.     Sprint denies the allegations in Paragraph 22.  Sprint specifically denies that it failed to properly oversee billing aggregators or did little to protect customers.  Sprint contends that it expended significant resources on internal and external compliance measures designed to protect the Sprint customer experience.  These measures included, among many others, the direct termination of merchants Sprint deemed had failed to satisfy its and industry standards.  Sprint further denies any remaining allegations in Paragraph 22.

23.     The allegations in Paragraph 23 of the Complaint attempt to summarize the nature of Plaintiff's action and make legal conclusions.  Therefore, no response is required from Sprint. Notwithstanding, insofar as the allegations in Paragraph 23 relate to Sprint, Sprint denies that it is liable for the alleged misconduct of any third party.  Sprint further denies any allegations in Paragraph 23 that relate to Sprint.  Sprint is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 23 and therefore denies them.

24.     Sprint contends that it offered, at no cost to customers, the ability to block third-party charges.  Sprint denies the remaining allegations in Paragraph 24.

25.     Sprint denies the allegations in Paragraph 25.

26.     Sprint denies the allegations in Paragraph 26.

27.     The allegations in Paragraph 27 of the Complaint attempt to summarize the nature of Plaintiff's action and make legal conclusions.  Therefore, no response is required from Sprint. Notwithstanding, Sprint denies the allegations in Paragraph 27.

28.     Sprint admits that it entered into an Assurance of Voluntary Compliance on or about October 2010, in which the Florida Attorney General recognized that Sprint worked "to create and impose industry-leading disclosure standards for the protection of their consumers, and has worked to aggressively monitor compliance with those standards . . . ."  Further, the Attorney

General recognized that "Sprint had implemented, on its own accord, commendable business practices in the third-party wireless content and third party [sic] mobile content industry intended to benefit consumers."

29.     Sprint denies the allegations in Paragraph 29.

30.     The allegations in Paragraph 30 of the Complaint attempt to summarize the nature of Plaintiff's action and make legal conclusions.  Therefore, no response is required from Sprint. Notwithstanding, insofar as the allegations in Paragraph 30 relate to Sprint, Sprint denies them. Sprint is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 30 and, therefore, denies them.

31.     The allegations in Paragraph 31 of the Complaint attempt to summarize the nature of Plaintiff's action and make legal conclusions.  Therefore, no response is required from Sprint. Notwithstanding, insofar as the allegations in Paragraph 31 relate to Sprint, Sprint denies the allegations and characterizations in Paragraph 31.  Sprint is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 31 and, therefore, denies them.

32.     Sprint admits to hiring an industry-leading third-party auditor to assist in its compliance and oversight efforts, but it denies that all compliance and fraud-prevention was outsourced.  Instead, Sprint had an internal team devoted to compliance and auditing of the PSMS program.  Sprint denies the remaining allegations and characterizations in Paragraph 32.

33.     The allegations in Paragraph 33 of the Complaint attempt to summarize the nature of Plaintiff's action and make legal conclusions.  Therefore, no response is required from Sprint. Notwithstanding, Sprint admits that uncontested charges presented to customers are due, owing

and payable to Sprint whether those charges were for services provided directly by Sprint or by third parties.  Sprint denies the remaining allegations in Paragraph 33.

34.     Sprint admits that it received a portion of the PSMS revenue in accordance with industry standards, but it denies the remaining allegations and characterizations alleged in Paragraph 34.  Sprint is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 34 and, therefore, denies them.

## COUNT I
## Violation of the CFPA

35.     Sprint repeats and incorporates each of its responses to the allegations contained in Paragraphs 1 through 34 as if fully set forth herein.

36.     The allegations in Paragraph 36 of the Complaint attempt to summarize the nature of Plaintiff's action and make legal conclusions.  Therefore, no response is required from Sprint. Notwithstanding, Sprint denies the allegations in Paragraph 36.

37.     The allegations in Paragraph 37 of the Complaint attempt to summarize the nature of Plaintiff's action and make legal conclusions.  Therefore, no response is required from Sprint. Notwithstanding, Sprint denies the allegations in Paragraph 37.

## PLAINTIFF'S PRAYER FOR RELIEF

Sprint denies any factual assertions contained in the Plaintiff's prayer for relief and further denies that Plaintiff is entitled to any relief in this action.

## DEFENSES

Without any admission as to the burden of proof, Sprint asserts the following defenses. Sprint expressly reserves the right to amend or raise additional defenses in its Answer as additional information becomes available through further investigation and discovery.

**FIRST AFFIRMATIVE DEFENSE**
(Lack of Personal Jurisdiction)

The Complaint contains no statement of personal jurisdiction.  Plaintiff's claims are

barred, in whole or in part, because the Court lacks personal jurisdiction over Defendant Sprint

Corporation.

**SECOND AFFIRMATIVE DEFENSE**
(Lack of Standing)

Plaintiff's claims are barred, in whole or in part, because Plaintiff lacks standing to bring

the claims asserted in the Complaint against Sprint.

**THIRD AFFIRMATIVE DEFENSE**
(Lack of Subject Matter Jurisdiction)

Plaintiff's claims are barred, in whole or in part, because Sprint is not a "covered person"

and does not otherwise fall under the Consumer Financial Protection Act, codified in Title 12 of

the United States Code (Banks and Banking), a necessary condition for Plaintiff to sue Sprint and

for the Court to have subject matter jurisdiction in this case.

**FOURTH AFFIRMATIVE DEFENSE**
(No Retroactive Application)

Plaintiff's claims are barred, in whole or in part, because Congress did not authorize

retroactive application of Title X of Dodd-Frank.

**FIFTH AFFIRMATIVE DEFENSE**
(Failure to State a Claim and Failure to Plead With Particularity)

Plaintiff's claims are barred, in whole or in part, because Plaintiff fails to state a claim

upon which relief can be granted.  Further, Plaintiff has failed to properly plead and sufficiently

allege all of the elements as to the cause of action alleged in the Complaint against Sprint and has

failed to plead the elements of the cause of action with the required particularity and specificity.

**SIXTH AFFIRMATIVE DEFENSE**
(Statute of Limitations and Laches)

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations for

each of Plaintiff's claims.  Plaintiff's claims are similarly barred under the doctrine of laches.

**SEVENTH AFFIRMATIVE DEFENSE**
(No Proximate Cause)

Plaintiff's claims are barred, in whole or in part, because any actual or other damages, if

any, were not proximately caused by any acts or omissions of Sprint.

**EIGHTH AFFIRMATIVE DEFENSE**
(Failure to Join Necessary or Indispensable Parties)

Plaintiff's claims are barred because Plaintiff failed to join one or more necessary or

indispensable parties.


**JURY DEMAND**

Sprint demands a trial by jury on all issues so triable.


Dated:  March 23, 2015
        New York, New York


                              */s/ Jeffrey J. Chapman*
                              Jeffrey J. Chapman (JC1813)
                              jchapman@*mcguirewoods.com*
                              McGuireWoods LLP
                              1345 Avenue of the Americas, 7th Floor
                              New York, New York 10105
                              Telephone: (212) 548-7060
                              Fax: (212) 715-6277
                              *Attorney for Defendant Sprint Corporation*

## CERTIFICATE OF SERVICE

This is to certify that I have caused a true and correct copy of Defendant's Answer to be served on Plaintiff via the Court's CM/ECF system.


Dated:  New York, New York
        March 23, 2015


                                        */s/ Jeffrey J. Chapman*
                                        Jeffrey J. Chapman (JC1813)