UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
:
CONSUMER FINANCIAL PROTECTION :
BUREAU,
: 
               Plaintiff, :   14cv9931
:
        -against- :   MEMORANDUM & ORDER
:
SPRINT CORPORATION, :
              Defendant.
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/19/15
```

WILLIAM H. PAULEY III, District Judge:

        By letter dated May 12, 2015, the Consumer Financial Protection Bureau (the "Bureau") purports to request a pre-motion conference to address the Bureau's and Sprint Corporation's proposal to file a joint motion for approval of a final order and judgment resolving this case. The Bureau encloses with that letter a joint motion and stipulated final order and judgment, with the added caveat that neither party seeks to submit additional papers in support of their motion.

        This Court's duty extends beyond that of a "rubber stamp." See S.E.C. v. Levine, 881 F.2d 1165, 1181 (2d Cir. 1989). Indeed, as the Second Circuit recently clarified, "the proper standard for reviewing a proposed consent judgment involving an enforcement agency requires that the district court determine whether the proposed consent decree is fair and reasonable, with the additional requirement that the 'public interest would not be disserved,' in the event that the consent decree includes injunctive relief." S.E.C. v. Citigroup Global Markets, Inc., 752 F.3d 285, 294 (2d Cir. 2014) (internal citations omitted). Anything less "would be a

dereliction of the court's duty to ensure the orders it enters are proper." Citigroup Global Markets, Inc., 752 F.3d at 298. If the Bureau wishes to invoke federal subject matter jurisdiction, it must be willing to explain why the proposed settlement is fair, reasonable, and consistent with the public interest.

How the Bureau believes a judge can evaluate the proposed settlement with a one sentence joint motion, no memorandum of law, and no declarations, eludes this Court. It is especially ironic, given the Bureau's core mission as described on its website to "give consumers the information they need to understand the terms of their agreements . . . ." See "About Us," Consumer Financial Protection Bureau, http://www.consumerfinance.gov/the-bureau/ (last visited May 19, 2015).

In view of the public importance of this case, there is a need for consumers, Sprint shareholders, and this Court, to get "the information they need to understand the terms of [this] agreement[]." Accordingly, while a pre-motion conference is not necessary, the parties are directed to submit a motion explaining why this proposed settlement is fair, reasonable, and does not disserve the public interest. The motion should conform to the Southern District of New York Local Rules (see S.D.N.Y. Local Rule 7.1) and this Court's Individual Practices. The motion may be filed as soon as practicable. This Court may take the motion on submission, or schedule oral argument if, after reviewing the motion papers, it deems it appropriate.

Dated: May 19, 2015
      New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.

*All Counsel of Record*